Alfred A. Stein, Jr., substituted administrator and trustee with the will annexed of the estate of George Seeber, deceased, complainant-respondent,

*v.*

Elizabeth Trust Company, a corporation, defendant-appellant.

[Argued May 29th, 1941. Decided October 20th, 1941.]

*Mr. Max L. Rosenstein* and *Mr. George H. Rosenstein,* for the complainant-respondent.

*Mr. Samuel Koestler,* for the defendant-appellant.

The opinion of the court was delivered by

CASE, J.

The appeal is from an order of preliminary injunction restraining the defendant from pleading either estoppel, acquiescence or the statute of limitations in a Supreme Court action wherein plaintiff seeks to recover the amount of $14,771.84 for an alleged conversion. The conversion is said to lie in the fact that the Trust Company, on August 21st, 1931, charged a promissory note, made by Edward Nugent, one of the executors, and endorsed by the decedent, George Seeber, against deposited funds of Seeber's estate.

On November 6th, 1937, Alfred A. Stein, Jr., was appointed substituted administrator and trustee with the will annexed of the estate of George Seeber, deceased, to succeed Edward Nugent, Margaret S. Pountney and George Seeber, Jr., who were the testamentary executors and trustees and had theretofore functioned. On January 19th, 1938, he filed a bill of complaint in Chancery seeking an accounting by the Elizabeth Trust Company and a recovery of the above named sum of money which he charged had been wrongfully and knowingly misapplied and appropriated by that company to its own use from the Seeber estate deposit. A final decree was entered in Chancery adjudging that the money, with interest, was due and should be paid by the Trust Company to the administrator. The Trust Company appealed. This court decided, *Stein* v. *Elizabeth Trust Co., 126 N. J. Eq. 399,* that the cause was fundamentally beyond the field of equitable cognizance and reversed the decree.

With the cause in that status the administrator petitioned Chancery praying that the cause be transferred to the law courts for hearing and determination and that an injunction issue to restrain the defendant from pleading, in the law action, the defense of the statute of limitations. Chancery ordered a transfer of the cause to the Supreme Court but denied, at that stage, the requested restraint. The administrator moulded his original Chancery bill into a complaint in the law form. The Elizabeth Trust Company filed an answer which included the defenses of the statute of limitations,

estoppel and acquiescence. The administrator forthwith returned to the Court of Chancery with a bill of complaint praying an injunction to restrain the defendant from interposing those defenses and upon his personal affidavit obtained an order directing the defendant to show cause why it should not be accordingly enjoined. Upon the return of the show cause Chancery held that there had been a breach of trust on the part of the original executors in submitting to the application of the money to the payment of the bank debt and that in that breach of trust the Trust Company was not only a participant but was the principal actor; and upon that finding the court granted an injunction effective until final hearing—the order now under appeal.

The Court of Errors and Appeals decided that the claim of the administrator against the Trust Company did not present an element of Chancery jurisdiction and, as a step in the reasoning, by way of citations quoted and approved, that no question of fraud or of trust was involved. The transfer of the action to the law courts, rather than the dismissal of the bill and the institution of an action at law, does not alter those findings. Other things being equal, a litigant is in no better case in seeking the aid of Chancery to make avail of equitable principles in actions at law than he is in establishing those principles directly in the Court of Chancery. On the questions that we decided the parties are concluded not only as to every matter which was offered and received to sustain or defeat the claim or demand but as to every other admissible matter which might have been offered for that purpose. *Nuzzi* v. *United States Casualty Co., 121 N. J. Law 249* (at *p. 259*).

The sequence of averments in the affidavit which the administrator filed in support of his application for the litigated order is illustrated by the following paragraphs therefrom:

"Deponent charges and maintains that it is inequitable and unconscionable for defendant Elizabeth Trust Company to plead the Statute of Limitations and the related defenses aforesaid against deponent as plaintiff in the proceedings at law, or to interpose or maintain in said suit at law the defense of the Statute of Limitations and the aforesaid related defenses.

38

"That said defenses in the premises and in the circumstances of the case constitute a fraud upon, and are calculated to defraud deponent; that the interposition of said defenses in the premises would operate to give and afford to the defendant an inequitable and undue advantage over deponent which will operate to defeat and impede deponent in the suit at law aforesaid, in obtaining just redress for the loss and damages suffered by him as a result of the defendant's unlawful conduct.

"That the funds which the defendant unlawfully and illegally seized and misapplied were trust funds belonging to deponent as substituted administrator, and were dedicated solely to the payment of decedent's debts. That defendant had full knowledge of the character of said funds and knew that same constituted trust funds to which no right of set-off existed. That the taking of the funds in question, with knowledge of the circumstances, constituted a breach of trust as against deponent. That the defendant knew, or should have known, that it had no right to appropriate the trust funds to the credit of the account of decedent's executors, and was therefore, guilty of inequitable, unconscionable and fraudulent conduct in appropriating and misapplying same."

Thus, the administrator asserted that the several defenses inveighed against are inequitable; that they are inequitable because they would give the defendant an undue advantage; and that they would give the defendant an undue advantage because it had committed a fraud upon the administrator and had violated its fiduciary obligation and committed a breach of trust. The decision of the Court of Errors and Appeals is *contra* that course of reasoning.

The determination by this court was not that Chancery should have remained passive against the respondent's effort to try out in Chancery a cause that, while within the jurisdiction of equity, was fully cognizable at law, but that the subject-matter of his action was "fundamentally beyond the field of equitable cognizance." Courts of equity have general jurisdiction in cases of fraud. *Eggers* v. *Anderson, 63 N. J. Eq. 264.* It is true that where the primary right is legal and the remedy invoked is likewise legal in character, and there is an adequate, certain and complete remedy at law, equity will not exercise its jurisdiction. *Pridmore* v. *Steneck, 122 N. J. Eq. 35.* But our holding hereon went definitely beyond that practice in equity to the proposition that the subject-matter was fundamentally beyond equitable cognizance. That holding is wholly inconsistent with the contention that the

defendant had committed a fraud against which the wronged person could not get relief without the help of Chancery.

So, too, as to the theory that the administrator has called upon the defendant company to account for the breach of a trust committed by the defendant against the administrator. The charge is not merely that the defendant converted to its own use moneys which the administrator, or another in his capacity, had been entrusted with; it is that the defendant was itself a fiduciary unto the administrator and that it breached its trust obligation by taking unto its own uses the money it held in trust and for which it should now account.

The Court of Errors and Appeals weighed the administrator's case and found that it did not have those equitable incidents to which he now lays claim and upon which he seeks the intervention of Chancery. That is made clear by the direct and original expressions in Judge Rafferty's opinion written for this court, as *e. g.,* "There is nothing in the instant appeal suggesting that the cause is within any head of equity jurisprudence. * * * It seems clear that the subject-matter of this cause must be deemed to be fundamentally beyond the field of equitable cognizance. We are satisfied that, under the facts of this case, the Court of Chancery was without jurisdiction to entertain the cause." It is also made clear by the quoted authorities therein (italics inserted) : "The general rule is that the Court of Chancery will not take jurisdiction of a cause *where no fraud or special equities appear* and there is an adequate and complete remedy at law;" "where the primary right of the plaintiff is purely legal * * * *and the right of action is not dependent upon or connected with any equitable feature or incident, such as fraud,* * * * *trust, accounting* * * * and the like, full and certain remedies are afforded by actions at law, and equity has no jurisdiction * * *."* In *Feld* v. *Kantrowitz, 102 N. J. Eq. 307,* it was said that "The Court of Chancery has always had jurisdiction where the claim is made that property is held in trust and in matters of account;" but whether or not the nature of the trust which respondent sought to set up would constitute an appropriate subject for original equity jurisdiction becomes unimportant in view of the incidental

finding in our earlier adjudication that the relationship between the bank and the trustee depositor was that of creditor and debtor, and, further, in view of the factual showing now made by the proofs upon which the injunction went. Those proofs consist of *ex parte* affidavits. They weigh, in our opinion, to the effect that the money upon which the promis-sory note was given was deposited by the Trust Company to Seeber's personal account, notwithstanding his name appeared on the paper as that of an endorser; that the Trust Company, did not have knowledge of the insolvency of the Seeber estate at the time the charge against the trust account was made; that all three of the executors had actual knowledge of the debiting of the note against the deposit at or within a few days after the act; that whatever may be said of the personal interest which Nugent had in permitting the note to be paid from estate funds there was no self-serving interest in the two remaining executors (the wife and the son of the testator) and that consequently, even upon the equitable theory that a statute in bar begins to run only with knowledge, the majority of the executors had effective knowledge, with power to bring suit, more than six years before suit was brought; that the Trust Company did nothing to prevent the representatives of the estate from bringing an action at law before such an action was barred by the statute; and that there is no sustaining proof of anything in the nature of a conspiracy between the Trust Company and the executors or any of them to have the item charged against the estate. Equity will not restrain a defendant in a law action from pleading the statute of limitations unless it is made clearly to appear that the plaintiff therein was prevented by the act of the other party from bringing his action at law until that action was barred by the statute, *Teas* v. *Third National Bank and Trust Co., 125 N. J. Eq. 224*. The burden of proof, in seeking equitable relief against a law pleading, is, of course, upon him who seeks the relief. On the case as made none of the proposed defenses should be enjoined.

The order appealed from will be reversed. Further, the bill of complaint rests upon allegations which are prototypes of the averments in the proofs and are inadequate to justify

the relief prayed. Therefore the bill should be dismissed. The record will be remitted to the Court of Chancery for such disposition.

HEHER, J. (Concurring.)

On the prior presentation of this cause, I entertained the view that on the merits complainant did not have a cause of action against defendant; and I vote to reverse the instant order on the ground that on the merits complainant is not entitled to the relief awarded.

*For affirmance*—WELLS, J. 1.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WOLFS-KEIL, HAGUE, THOMPSON, JJ. 13.